WEINGRAD & WEINGRAD, PC
By Stephen A. Weingrad (SW 6193)
350 Fifth Avenue, Suite 7720
New York, New York 10118-7720
Tel: (212) 244-4187
Fax: (212) 594-2944
Attorneys for Plaintiffs
Stephen A. Weingrad and
Weingrad & Weingrad, PC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN A. WEINGRAD and
WEINGRAD & WEINGRAD, P.C.
d/b/a WEINGRAD & WEINGRAD,

    Plaintiffs,

- against -

TELEPATHY, INC.,
NETWORK SOLUTIONS, LLC,
SNAPNAMES.COM, INC., and
NAMEBAY S.A.M.,

    Defendants.

Docket No. 05 Civ. 2024 (MBM)

ECF CASE

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TELEPATHY INC'S MOTION TO DISMISS

WEINGRAD & WEINGRAD, PC
  Attorneys for the Plaintiffs
  Stephen A. Weingrad (SW 6193)
  William D. Gardner (WG 4023)
  350 Fifth Avenue, Suite 7720
  New York, New York 10118-7720
    Tel.: (212) 244-4187
    Fax: (212) 594-2944

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.    Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B.    Choice of Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.    This Court Has Personal Jurisdiction Over Defendant Telepathy . . . . . . . . . 4
    B.    The Southern District of New York Is the Proper Venue for this Case. . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## Federal Statutes

15 U.S.C. § 1125(d)(1) ................................................................. 2

15 U.S.C. § 1129 ............................................................... 1, 2, 6, 7

28 U.S.C. § 1404 ...................................................................... 1, 9

## Federal Rules

Fed.R.Civ. P. Rule 12(b)(2) ...................................................... 1, 3, 4, 9

Fed.R.Civ. P. Rule 12(b)(3) ......................................................... 1, 4, 9

## Federal Cases

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999) ..... 4, 7

*Capitol Records v. Kuang Dyi*, 2004 WL 405961 (S.D.N.Y. Mar. 4, 2004) ................. 8

*DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81 (2d Cir. 2001) ................. 4, 5

*Fiorenza v. United States Steel International, Ltd.*, 311 F.Supp. 117 (S.D.N.Y. 1969) ...... 9

*LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210 (2000) ................................... 6

*Mills v. Colgate-Palmolive Co.*, 232 F.Supp. 577 (S.D.N.Y. 1964) ...................... 12

*Radio Computing Services v. Roland Computing Services*, 2003 WL 1107443 (S.D.N.Y. 2003)
............................................................................. 7, 8

*Schwartz v. Marriott Hotel Services, Inc.*, 186 F.Supp.2d 245 (E.D.N.Y. 2002) ......... 9-12

*Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, 2000 WL 1290585 (S.D.N.Y. Sep. 13, 2000) ........................................................................... 8

*Traver v. Officine Meccaniche Toschi SpA*, 233 F.Supp.2d 404 (N.D.N.Y. 2002) ....... 4, 6, 7

*Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956) .................. 12

**State Statutes**

CPLR § 302 ........................................................ 4-8

# INTRODUCTION

The Plaintiffs, by and through their attorneys, hereby submit their memorandum of law in opposition to the Defendant Telepathy, Inc.'s motion to dismiss the complaint pursuant to Fed.R.Civ. P. Rules 12(b)(2) and 12(b)(3), and to transfer the action to another District pursuant to 28 U.S.C. § 1404.

# FACTS

The facts relevant to the disposition of this motion are recited in the complaint and the declaration of Nathaniel Cohen. The Plaintiffs will highlight the significant facts, which require denial of all relief requested by the movants.

The Defendant Telepathy, Inc. ("Telepathy") is not in the business of innocently operating a so-called "vanity e-mail" business as it states in its memorandum of law. Indeed, Telepathy is no stranger to domain name disputes, although this may be the first to claim the unauthorized appropriation of an individual's name and hijacking of an individual's domain name. As the prior arbitration decisions reveal, Telepathy has exhibited a pattern of bad faith in grabbing names and attempting to sell them at a profit.[1] In truth, Telepathy is in the illegal business of registering the names of individuals in violation of the Anticybersquatting Consumer Protection Act. The pertinent section of the Act as codified is 15 U.S.C. § 1129, which prohibits the registration of another living person's name as a domain name and provides remedies

---

[1] *Macmillan Publishers Limited, et al. v. Telepathy, Inc.*, WIPO Case No. D2002-0658 (2002); *Koninklijke KPN N.V. v. Telepathy, Inc.*, WIPO Case No. D2001-0217 (2001); *J. Crew International, Inc. v. crew.com*, WIPO Case No. D2000-0054 (2000); *Tenenhaus v. Telepathy, Inc.*, NAF File No. FA0003000094355 (2000); *General Machine Products Company, Inc. v. Prime Domains (a/k/a Telepathy, Inc.)*, NAF File No. FA0001000092531 (2000).

therefor.[2]

At a time when the Plaintiffs were attempting to re-register the domain name <weingrad.com>, Telepathy admits that it had private knowledge of the publication of a clandestine list that named <weingrad.com> as a domain name that was to be released from registration into the public domain. Telepathy also admits that it entered into an auction with SnapNames.com in the state of Oregon for the purpose of purchasing <weingrad.com>. This was done in complete violation of 15 U.S.C. §§ 1129(1)(A) and 1125(d)(1). Telepathy further has the audacity to admit that it registered the Plaintiffs' name and trademark with the Defendant Namebay.com, whose office is in the Principality of Monaco. Telepathy's principal, Nathaniel Cohen, then attempted to sell back to the Plaintiffs the unique birth name of Stephen A.

---

[2] § 1129. Cyberpiracy protections for individuals
(1) In general
  (A) Civil liability
    Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.
  (B) Exception
    A person who in good faith registers a domain name consisting of the name of another living person, or a name substantially and confusingly similar thereto, shall not be liable under this paragraph if such name is used in, affiliated with, or related to a work of authorship protected under Title 17, including a work made for hire as defined in section 101 of Title 17, and if the person registering the domain name is the copyright owner or licensee of the work, the person intends to sell the domain name in conjunction with the lawful exploitation of the work, and such registration is not prohibited by a contract between the registrant and the named person. The exception under this subparagraph shall apply only to a civil action brought under paragraph (1) and shall in no manner limit the protections afforded under the Trademark Act of 1946 (15 U.S.C. 1051 et seq.) or other provision of Federal or State law.
(2) Remedies
    In any civil action brought under paragraph (1), a court may award injunctive relief, including the forfeiture or cancellation of the domain name or the transfer of the domain name to the plaintiff. The court may also, in its discretion, award costs and attorneys fees to the prevailing party.
(3) Definition
    In this section, the term "domain name" has the meaning given that term in section 45 of the Trademark Act of 1946 (15 U.S.C. 1127).
(4) Effective date
    This section shall apply to domain names registered on or after November 29, 1999.

Weingrad, the business name of Stephen A. Weingrad, the domain name and trademark of the Plaintiffs. All of these acts are in violation of the Anticybersquatting Consumer Protection Act ("ACPA").

The case has nothing to do with contract law. At the times of the acts of which the Plaintiffs complain, there was no contract between any Plaintiff and any Defendant. Although the Plaintiffs had had a contractual relationship with Defendant Network Solutions, LLC, that contract had expire (Decl. Williams, ¶¶ 17, 18). Instead, this case is one of tortious conduct. The Anticybersquatting Consumer Protection Act makes it a tort to traffic in the names of individuals by attempting to sell them their names as Internet domain names.

The domain name <weingrad.com> is the name, identity and established trademark of the Plaintiffs Stephen A. Weingrad and Weingrad & Weingrad, PC d/b/a Weingrad & Weingrad. Given that the Plaintiffs have actively used this domain name for several years, which name is the individual Plaintiff's birth name and the Plaintiff law firm's trade name since 1964, it is misguided and disingenuous for anyone to state that this case is an incident of a contract. This Defendant has not and cannot allege any contract. Telepathy claims that it did not know the name of Stephen A. Weingrad, but the Anticybersquatting Consumer Protection Act ("ACPA") does not require knowledge. The conduct of which Telepathy is alleged to have committed is an admittedly clear violation of federal law, to wit, trafficking in in people's names for profit.

## STANDARDS

A.  **Personal Jurisdiction**

Pursuant to Rule 12(b)(2), the courts will find personal jurisdiction based upon the pleadings so long as it comports with the long-arm statute of the state in which the court sits.

*DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).

B.   **Choice of Forum**

In its consideration of the motion to dismiss, the Court must rule that all reasonable inferences as to choice of forum be drawn in favor of the Plaintiff. Using a balancing test, courts will not disturb the plaintiff's choice of forum unless the defendant demonstrate by a strong reason to disturb it. *Traver v. Officine Meccaniche Toschi SpA*, 233 F.Supp.2d 404, 415 (N.D.N.Y. 2002). The forum selection clause has no application to the tort claim at issue in this case, which is far removed from the expired contract with Defendant Network Solutions, LLC.

**ARGUMENT**

A.   **This Court Has Personal Jurisdiction Over Defendant Telepathy**

Under the standards established in this Circuit and in this District, this Court has personal jurisdiction over Telepathy. Telepathy asserts its motion to dismiss based on Fed.R.Civ.P. Rule 12(b)(2) (lack of jurisdiction over the person) and Rule 12(b)(3) (improper venue). This part of the memorandum will deal with Subsection (b)(2).

In responding to a motion under Rule 12(b)(2), the plaintiff has the burden of establishing the court's personal jurisdiction over the defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). "Where . . . a court relies on pleadings and affidavits . . . , the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano, supra* at 84. "In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits, which in this case is New York." *Id.* The relevant parts of the New York long-arm statute, CPLR § 302(a), are quoted here:

4

§ 302. Personal jurisdiction by acts of non-domiciliaries
(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
1. transacts any business within the state . . .; or
2. commits a tortious act within the state . . .; or
3. commits a tortious act without the state causing injury to person or property within the state . . . if he

. . .

    (ii)    expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. . . .

(emphasis added)

The Plaintiffs have alleged in their complaint that the Defendants are all in various locations around the globe: Telepathy is in the District of Columbia; Network Solutions, LLC is in the State of Virginia; SnapNames.Com, Inc. is in the State of Oregon; and Namebay S.A.M. is in the Principality of Monaco. Each Defendant derives substantial revenues from participation in one phase or another of business on the World Wide Web, which is of necessity interconnected with every possible jurisdiction on the earth. The tortious acts perpetrated by these Defendants were committed either within or without the State of New York, and they caused and continue to cause great injury to the Plaintiffs within the State of New York. These Defendants knew or should have known that their acts as alleged, which were prohibited by law, would result in negative consequences upon the Plaintiffs.

New York applies the situs-of-injury test, which looks to the location of the sustained injury. *DiStefano, supra* at 84. In the case at bar, that is the residence and has been the permanent place of business of the Plaintiffs since 1964. All Plaintiffs work and reside in the Southern District of New York. Therefore, under CPLR § 302(a)(3)(ii) the fact of the out-of-

state conduct causing injuries to the Plaintiffs within the state clearly gives this Court personal jurisdiction over Telepathy, as well as the other Defendants.

The court in *Traver v. Officine Meccaniche Toschi SpA*, 233 F.Supp.2d 404 (N.D.N.Y. 2002) concisely summarized at p. 412 the personal jurisdiction under CPLR § 302(a)(3)(ii):

To confer jurisdiction under § 302(a)(ii), the plaintiff must establish five elements: (1) the "defendant committed a tortious act outside the State," (2) "the cause of action arises from that act," (3) "the act caused injury to a person or property within the State," (4) the "defendant expected or should reasonably have expected the act to have consequences in the State," and (5) the "defendant derived substantial revenue from interstate or international commerce." (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000)).

In applying CPLR § 302(a)(ii), we look at each of the five subsections.

(1)     Clearly, there were tortious acts committed by the Defendants at a time when they were outside of the State of New York, but the Plaintiffs were in New York. Among others, a tortious act was violation of the Anticybersquatting Consumer Protection Act as alleged in the complaint.

(2)     The cause of action as defined in 15 U.S.C. § 1129, arose from the domain name hijacking or cybersquatting committed by the Defendants.

(3)     The tortious act caused injuries to the Plaintiffs, who are decidedly located in the State of New York.

(4)     As alleged in the complaint, the Defendants knew or should have known that the consequences of depriving the Plaintiffs of their domain name, their primary advertising and public relations medium, would cause or would reasonably be expected to cause injuries to the Plaintiffs' law practice.

6

(5) The amount of revenue created for the Defendants as a result of their tortious conduct is to be determined. The Plaintiffs know that one of the Defendants (i.e., Network Solutions, LLC) attempted to charge non-negotiated, extortionate fee to unlock the Plaintiffs' domain name for their reregistration with another Web host. Then another Defendant (Telepathy, Inc.) attempted to sell back to the Plaintiffs for a profit the domain name that was already theirs.

The above analysis clearly demonstrates that CPLR § 302(a)(3)(ii) is applicable here.

The Defendants could also be subject to personal jurisdiction under CPLR § 302(a)(1).

"[F]or a court to obtain personal jurisdiction over a party under the 'transaction of business' prong of § 302(a)(1), the party need not be physically present in the state at the time of service." *Id.* at 787 (citation omitted). Instead, " § 302(a)(1) extends the jurisdiction of New York state courts to any nonresident who has 'purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws....' " *Id.* (quotation omitted). "[A] 'single transaction would be sufficient to fulfill this requirement,' '..., so long as the relevant cause of action also arises from that transaction." *Id.* (citation and footnote omitted). *Traver v. Officine Meccaniche Toschi SpA*, 233 F.Supp.2d 404, 409 (N.D.N.Y. 2002) (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999)).

The telephone calls and the e-mail solicitations by Telepathy's principal and Defendant Network Solutions LLC ("NSL") were all transactions with the Plaintiffs within the State of New York while Defendants were outside of the State of New York (Exhibits 1, 2, 3, 18 to the Amended Complaint). Thus, personal jurisdiction over Telepathy and NSL is achieved as a result of their purposeful acts of solicitation as a form of doing business in New York as well as a consequence of the tortious acts under 15 U.S.C. § 1129. These Defendants have not denied that they have solicited clients in New York State or that they have solicited clients in New York State.

More to the point is a passage in *Radio Computing Services v. Roland Computing*

7

*Services*, 2003 WL 1107443 (S.D.N.Y. 2003) at *1:

> In *Morgan Stanley Dean Witter & Co. v. Smart Ideas*, 99 Civ. 8921 (S.D.N.Y. December 15, 1999), Judge Hellerstein found that the defendant's offers to sell its domain name, "msdwonline.com", to Morgan Stanley for a high price were in effect the transaction of business sufficient to confer jurisdiction under CPLR Section 302(a)(1). Judge Hellerstein went on to say, "[t]he very purpose of the defendant's act ... is to attack Morgan Stanley and to extort money from Morgan Stanley because of a confusingly similar domain name that was created for no legitimate purpose." *Id.*

This Court has jurisdiction over Telepathy pursuant to one or all three of the following CPLR sections: 302(a)(1) ("transacts any business within the state or contracts anywhere to supply goods or services in the state"), 302(a)(2) ("commits a tortious act within the state . . ."), or 302(a)(3) ("commits a tortious act without the state causing injury to person or property within the state . . ."). The Plaintiff claims that the Telepathy regularly transacts business in New York or transacts business without New York that has an impact in New York, *inter alia*, of infringing the Plaintiffs' trademarks and domain name and offering to sell them back to the Plaintiffs with the intent to profit thereby. A non-domiciliary who supplies infringing goods or services to a New Yorker may be subject to jurisdiction under § 302(a)(2). *Capitol Records v. Kuang Dyi*, 2004 WL 405961, *2 (S.D.N.Y. Mar. 4, 2004). Sales of business cards in New York via the Internet through third party business was found to be sufficient to establish locus of operative facts in New York. *Id.*, at *4 (*citing Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, 2000 WL 1290585, at *7 (S.D.N.Y. Sep. 13, 2000)).

Accordingly, the New York long-arm statute is fully satisfied and the Court has personal jurisdiction. Therefore, the Court must deny the Defendant Telepathy's motion to dismiss for

8

lack of personal jurisdiction under Fed.R.Civ.P. Rule 12(b)(2).

B. **The Southern District of New York Is the Proper Venue for this Case.**

A motion to dismiss under Rule 12(b)(3) or in the alternative to transfer the case to another district pursuant to 28 U.S.C. § 1404(a) is decided by the court within the discretion of the court. *Fiorenza v. United States Steel International, Ltd.*, 311 F.Supp. 117, 120 (S.D.N.Y. 1969). For the reasons stated below, there are ample reasons why this district is proper for litigating the torts committed by the Defendants. Therefore, the real issue for discussion here is whether the case should be transferred to another district pursuant to 28 U.S.C. § 1404(a).

A motion to change venue from one district court to another is governed by 28 U.S.C. § 1404(a), which says, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When making a motion under this section, "[t]he moving party bears the burden of clearly establishing that a transfer is appropriate and that the motion should be granted." *Schwartz v. Marriott Hotel Services, Inc.*, 186 F.Supp.2d 245, 248 (E.D.N.Y. 2002).

"The inquiry on a motion to transfer venue is twofold. First, the Court must determine whether the action 'might have been brought' in the forum to which the movant seeks to have the case transferred. If so, the second issue for the court to resolve is whether the 'convenience of the parties and witnesses' and the "interests of justice" warrant transferring the case. *Id.* at 248.

The complete analysis is laid out in detail in *Schwartz, id* at 248.

Courts generally weigh a number of factors to in making the latter decision, and none of them is singly dispositive. The criteria include: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease

9

of access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice. *Id.* (citations omitted).

This Court should be persuaded by each of these factors and its applicability to the case at bar.

(1) <u>Convenience of the witnesses</u>. The prospective witnesses in this case are unknown if they are not the parties themselves. This factor is neutral because there is complete diversity.

(2) <u>Convenience of the parties</u>. The parties reside in New York, the District of Columbia, the State of Virginia, the State of Oregon, and the Principality of Monaco. It is unlikely that one location is better than another. "A transfer of venue should not merely shift the burden of inconvenience from one party to another." *Schwartz, supra*, at 250. This factor would be neutral, except that it would be a hardship for the Plaintiffs to conduct litigation and bring this case in any other state, because the Plaintiffs do not have an office outside of New York and the individual Plaintiff is not admitted to practice law outside of New York.

(3) <u>Locus of operative facts</u>. As discussed above, the injuries were sustained in New York. The trade name Weingrad & Weingrad and has been used by the Plaintiff in New York continuously since 1964. The birth name of Stephen A. Weingrad has been used by the Plaintiff in New York continuously since 1939. The Internet domain name <weingrad.com> has been used by the Plaintiffs in New York continuously since October 1997. This factor weighs in favor of continuing the action in the Southern District of New York.

(4) <u>Availability of process to compel the attendance of unwilling witnesses</u>. As

10

noted, there are no witnesses other than the parties. This factor is neutral.

(5) <u>Location of relevant documents and the relative ease of access to sources of proof.</u> As discussed above, the injuries were sustained in New York. The necessary records to show the Plaintiffs' prima facie case were attached to the complaint and have been filed electronically with the Clerk of the Court. All records and proof will be produced during discovery without inconvenience to one party or another in the same fashion. It is not anticipated that document production will very large. This factor weighs in favor of continuing the action in the Southern District of New York.

(6) <u>Relative means of the parties.</u> The Defendants in this case all have greater means than the Plaintiffs. It is much less of a burden upon the corporate Defendants to travel to New York than vice versa. "Where an apparent disparity exists between the parties, such as when an individual sues a large corporation, the court should consider the relative means of the parties." *Schwartz, supra*, at 251. This factor weighs in favor of continuing the action in the Southern District of New York.

(7) <u>The district court's familiarity with governing law.</u> The governing law is the United States Code and the New York Civil Practice Law and Rules ("CPLR") supplemented by the Federal Rules of Civil Procedure. This factor weighs strongly in favor of continuing the action in the Southern District of New York, where this Court and the Circuit Court are preeminent in their knowledge and application of intellectual property law and New York tort law.

(8) <u>Weight accorded the plaintiff's choice of forum.</u> "A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh

11

strongly in favor of transfer." *Schwartz, supra,* at 251. The general weight of the factors above are in favor of the Plaintiff continuing the action in the Southern District of New York, and Telepathy has not provided any persuasive justification for disturbing that choice of forum.

(9) <u>Trial efficiency and the interest of justice.</u> In consideration of all of the factors above, there is no reason to believe that the Southern District of New York is less appropriate as a venue for the trial of this case than another district. The injured parties are in New York, and all evidence of injuries to the Plaintiffs is located in New York, and New York tort law applies to part of the claims.

"In determining such a motion a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance of convenience and the interest of justice weighs heavily in favor of defendant. It is the defendant's burden to overcome plaintiff's choice of forum and to demonstrate that the balance of convenience so preponderates in its favor." *Mills v. Colgate-Palmolive Co.,* 232 F.Supp. 577, 579 (S.D.N.Y. 1964). In the case at bar, the Defendant Telepathy neither has overcome the burden nor demonstrated the balance of convenience to overcome the presumption in favor or the Plaintiffs. *See Vanity Fair Mills v. T. Eaton Co.,* 234 F.2d 633, 645 (2d Cir. 1956).

Based on the totality of the circumstances, it appears that the Plaintiffs have met the burden of demonstrating to the court that this Court should not transfer the case to another district. Venue is proper in New York, and Defendant Telepathy's motion to dismiss for improper venue should be denied.

## CONCLUSION

The Plaintiffs have shown that personal jurisdiction has been obtained over the

12

Defendants and that the Southern District of New York is the appropriate forum. Therefore, the

Plaintiffs respectfully request that the Court deny Defendant Telepathy's motion in its entirety.

Dated: New York, New York
May 27, 2005

WEINGRAD & WEINGRAD, PC
Attorneys for the Plaintiffs
By Stephen A. Weingrad (SW 6193)
350 Fifth Avenue, Suite 7720
New York, New York 10118-7720
Tel.:  (212) 244-4187
Fax:  (212) 594-2944

TO:  MICHAEL A. FREEMAN, ESQ.
Attorney for Defendant Telepathy, Inc.
24 West 40th Street, 17th Floor
New York, New York 10018
Tel:  (646) 366-0881
Fax:  (646) 366-1384

RIVKIN RADLER LLP
Attorneys for Defendant Network Solutions, LLC
Attn: Shari C. Lewis, Esq.
EAB Plaza
Uniondale, New York 11556-0926
Tel.  (516) 357-3292
Fax  (516) 357-3333

PROSKAUER ROSE LLP
Attorneys for Defendant Defendant SnapNames.Com, Inc.
Attn: Hal S. Shaftel, Esq.
1585 Broadway
New York, New York 10036-8299
Tel.  (212) 969-3230
Fax  (212) 969-2900

# CERTIFICATE OF MAIL

This is to certify that on this May 27, 2005 a true and correct copy of the above and foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TELEPATHY INC'S MOTION TO DISMISS** was served by mail on the following:

Rivkin Radler LLP
Attorneys for Defendant Network Solutions, LLC
Attn: Shari C. Lewis, Esq.
EAB Plaza
Uniondale, New York 11556-0926
Tel.516-357-3292
Fax516-357-3333

Michael A. Freeman, Esq.
Attorney for Defendant Telepathy, Inc.
24 West 40th Street, 17th Floor
New York, New York 10018
Tel.646-366-0881
Fax646-366-1384

Hal S. Shaftel, Esq.
Proskauer Rose LLP
Attorneys for Defendant Defendant Snap Names.Com, Inc.
1585 Broadway
New York, New York 10036-8299
Tel.212-969-3230
Fax212-969-2900

_____
Stephen A. Weingrad (SW 6193)